**BEN TRAVIS LAW, APC**
Ben Travis
ben@bentravislaw.com
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Phone: (619) 353-7966

**REESE LLP**
Michael R. Reese
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Phone: (212) 643-0500

Charles D. Moore
**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
cmoore@reesellp.com

*Counsel for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL ZACHMANN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LONKERO, LLC d/b/a THE LONG DRINK COMPANY, an Indiana Corporation,<br><br>      Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Zachmann ("Plaintiff") files this class action complaint on his own behalf and on behalf of a proposed class of all others similarly situated against LONKERO, LLC d/b/a THE LONG DRINK COMPANY, an Indiana Corporation ("Defendant"), and states as follows:

## INTRODUCTION

1. This is a class action brought on behalf of consumers of Defendant's The Finnish Long Drink alcoholic beverages who have been led to believe that they are manufactured in and imported from Finland.

2. The Finnish Long Drink alcoholic beverages come in four flavors: 1) traditional; 2) strong; 3) cranberry; and 4) zero (the flavors are collectively referred to as "Products").

3. Defendant's marketing and sale of its Products misleads consumers to believe the alcoholic beverages are imported from Finland by using: (1) the name of the product itself – The Finnish Long Drink; and (2) additional misleading statements on its packaging and in advertising.

4. Consumers interpret these representations to mean that the Products are manufactured in and imported from Finland. Unfortunately, the Products are not from Finland but are actually from New York.

5. Defendant neglects to include any statements on its outside packaging of the true origin of its products. The only reference to the Products' origin is in small nondescript text on the side of the cans contained within the sealed packaging.

6. By labeling the Products with these representations, Defendant creates consumer deception and confusion. A reasonable consumer purchases the products believing they are made in Finland.

7. Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiff, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.

8. Plaintiff now brings this action to stop Defendant's misrepresentations and recover the monies he paid for the Products as a result of the misrepresentations, as well as statutory damages and the other relief detailed below.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between at a minimum Plaintiff and Defendant.

10. This Court has personal jurisdiction over Defendant because it conducts and transacts business within New York and contracts to supply and supplies goods within New York.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant caused harm to class members residing in this district, Further, Plaintiff resides in this district and purchased Defendant's Products in this District.

## PARTIES

12. Plaintiff Michael Zachmann is a resident of Pawling, New York who purchased the Products at retail stores in Pawling during the Class Period.

13. Plaintiff has purchased the Products several times during the Class Period for personal and household consumption. Plaintiff has purchased the traditional flavor.

14. Plaintiff's most recent purchase was approximately four months ago at a local store in Pawling, New York.

15. Plaintiff purchased the Products over other alcoholic brands in reliance on Defendant's representations that the Product was made in Finland, by its use of the name, The Finnish Long Drink.

16. Plaintiff relied upon Defendant's misrepresentations in making his decision to purchase the Products. Plaintiff suffered injury in that he would not have bought Defendant's Products had he known that the Products were not made in Finland. Plaintiff would like to buy Defendant's Products in the future if and when they are produced in Finland or if the misrepresentations are corrected, so that they are not being sold at a premium based on the misrepresentation that they are made in Finland.  He does not currently intend to do so because he cannot rely on the accuracy of the representations in deciding whether or not he should purchase Defendant's Products but would be able to do so once the Court issues an injunction.

17. Defendant LONKERO, LLC is headquartered at 550 Congressional Blvd, Suite 115 PMB 1008, Carmel, IN, 46032.

18. Defendant is in the business of manufacturing, distributing and selling long drink alcoholic beverages throughout the country, including in New York.

19. On information and belief, the labeling for the Products, that Plaintiff and Class members relied upon in making their decisions to purchase the Products were conceived, designed, prepared and/or approved by Defendant and were disseminated by Defendant and its agents through labeling, marketing and advertising containing the misrepresentations, from its headquarters.

20. On information and belief, in committing the wrongful acts alleged herein, Defendant in connection with its subsidiaries, affiliates and/or other related entities and their employees planned, participated in and furthered a common scheme to induce

members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated misrepresentations or caused them to be disseminated.

## SUBSTANTIVE ALLEGATIONS

### A. CONSUMER DEMAND FOR AUTHENTICITY

21. Today's consumers are faced with increasing commercialization of products and seek brands that are genuine.

22. Manufacturers and marketers use origin claims to distinguish their products from other products, knowing consumers rely on the accuracy of those claims in making their purchasing decisions. In fact, consumers are willing to pay premium prices for products that are authentically connected to a significant geographical area.

23. Consumers often pay a price premium for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place, such as Finland, in the case of Defendant's Products.

24. Consumers have an expectation that a product made in such location and imported to the United States will be higher quality than those made in the United States.

25. In the present instance, consumers expect Defendant's products to be made in Finland.

### B. MISREPRESENTATIONS

26. Traditionally made with gin and grapefruit soda, long drinks are Finland's national cocktail.

27. Defendant, in seeking to capitalize on the origin of long drinks, misrepresents its long drink beverages as being from Finland.

28. Defendant's marketing and advertising of the Products gives consumers the impression that they are made in Finland through a number of means.

29. First, consumers are presented with the packaging of the Products in the retail store.

30. The name of the product - The Finnish Long Drink - which is found numerous times on the packaging, itself suggests to consumers that the Products are from Finland.

31. Further, on the packaging, Defendant uses phrases such as "LEGENDARY TASTE FROM FINLAND", "now available in America" and "Now this legendary taste has finally been brought to America by the next generation of Finns who want the world to experience the refreshing and unique Finnish Long Drink." Each of these phrases further leads a consumer who views them to believe that the Products are from Finland.

32. Defendant neglects to state anywhere on the packaging the true origin of its Products.

33. Each individual representation and also taken as a whole, the verbiage used on Defendant's packaging leads consumers to believe that the Products are imported from Finland

34. Consumers have no way to know when purchasing the Products that they are being deceived and the Products are actually made in the United States.

35. Upon information and belief, the packaging for all flavors contain similar misrepresentations and omissions.

36. A sample of all sides of the outside cardboard packaging is depicted below:







37. The only disclosure that Defendants make as to the true origin of the Products is in small nondescript text on the side of the cans, a location that a consumer cannot see when purchasing the Product because the cans are contained in a sealed outer cardboard package.

38. Even if consumers were to view the cans, the front label contains the misleading name - The Finnish Long Drink.

39. A reasonable consumer is not expected to look beyond the front label of the can and therefore would not see the nondescript small text there containing the true origin of the Products.

40. Contrary to Defendant's representations and omissions, the Products are not made in Finland, but rather they are made in the United States, and specifically in New York.

41. Defendant's labeling of the products with these misrepresentations demonstrates its intent to persuade customers that the Products are made in Finland and are therefore higher quality to justify the premium prices.

42. Even though consumers are not expected to go to Defendant's website when purchasing the Products, Defendant's website homepage also demonstrates its intent to mislead by using phrases such as "'Long drink' is a top selling category of alcohol in Finland - a legendary taste that is now available in America" and "Now this legendary taste has finally been brought to America by the next generation of Finns who want the world to experience the refreshing and unique Finnish Long Drink."[1]

43. Defendant has also disseminated video advertisements which are similarly misleading. The advertisements use the slogan "From the HAPPIEST COUNTRY ON EARTH Now available in America"[2] leading consumers to believe that the Products are actually from Finland.

---

[1] https://thelongdrink.com/

[2] https://www.prnewswire.com/news-releases/the-finnish-long-drink-launches-ad-campaign-

44. It is abundantly clear that Defendants' misrepresentations are false and misleading and are intended to be.

C. **RELIANCE AND ECONOMIC INJURY**

45. Plaintiff saw Defendant's Products on the shelf and believed from the name on the packaging – The Finnish Long Drink, that the products were actually imported from Finland.

46. When deciding to purchase the Products, Plaintiff sought to purchase long drinks made in Finland.

47. Plaintiff expected Defendant's Products would have been made in Finland.

48. Plaintiff did not expect the Product to be made in New York, because of the Finland representations.

49. Plaintiff saw and relied on the packaging, which misleadingly emphasizes Finland, even though the Products are not made in Finland.

50. Plaintiff would not have purchased the Products if he knew the representations were false and misleading.

51. Plaintiff paid more for the Products than he otherwise would have, and would only have been willing to pay less, or unwilling to purchase it at all, absent the misleading representations.

52. As a result of the false and misleading labeling, the Products are sold at a price that is higher than the price of the Products would have been if they were represented in a non-misleading way.

53. Plaintiff was also deprived of the benefit of the bargain because the Products he purchased were different than what Defendants warranted.

---

bringing-finlands-secret-to-happiness-to-americans-far-and-wide-301520223.html

54. As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of its Products that it would not have otherwise earned. Plaintiff and Class members paid money for long drink products that are not what they purport to be or what they bargained for. They paid a premium for such Products when they could have instead bought other, less expensive, alcoholic beverages.

## CLASS ALLEGATIONS

55. Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

56. The class is defined as all consumers who purchased any of Defendant's Products in New York at any time during the Class Period for their personal use, rather than for resale or distribution. ("Class")

57. "Class Period" means the period from three years prior to the filing of this Complaint through the date of class certification.

58. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

59. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise. Plaintiff also reserves the right to create subclasses.

60. The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

a. <u>Numerosity</u>: The members of each class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff estimates that the Class numbers are in the thousands.

b. <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions. These include the following:

   i. Whether Defendant misrepresented to the Class members that its Products are imported from Finland;

   ii. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

   iii. Whether Defendant's labeling, marketing, and sale of its Products constitutes an unfair, unlawful, or fraudulent business practice;

   iv. Whether Defendant's labeling, marketing, and sale of its Products constitutes false advertising;

   v. Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

   vi. The appropriate remedies for Defendant's conduct.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class members because Plaintiff suffered the same injury as the Class members by nature of their purchases of the Products based on Defendant's misrepresentations that the Products are imported from Finland.

d. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the members of each class. Plaintiff does not have any interests that are adverse to those of the Class members. Plaintiff has retained competent counsel experienced in class action litigation who intend to prosecute this action vigorously and have the financial means of doing so.

  e. <u>Superiority</u>: A class action is superior to other available methods for the efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

  61. The prerequisites for maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23 (b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to each Class member, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

  62. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## **RULE 9(b) ALLEGATIONS**

  63. Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

  64. WHO: Defendant made material misrepresentations and failed to adequately disclose material facts as detailed herein. Except as identified herein, Plaintiff is unaware, and therefore unable to identify, the true names and identities of those individuals at Defendant who are responsible for such material misrepresentations and omissions.

65. WHAT: Defendant made material misrepresentations regarding its Products. Specifically, Defendant represented to consumers, through the marketing and packaging of its Products, that the Products are from Finland. These representations are false and misleading because the Products are not from Finland.

66. WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

67. WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the labels and packaging of its Products.

68. WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for its Products based on the belief that the Products are from Finland. Defendant profited by selling its Products to thousands of unsuspecting consumers.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GBL § 349**
**N.Y. Gen. Bus. Law § 349**
**(By Plaintiff Individually and on Behalf of the Class)**

69. Plaintiff reasserts the allegations set forth in the preceding paragraphs and incorporates such allegations by reference herein.

70. New York General Business Law § 349 ("NY GBL § 349") prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

71. Under NY GBL § 349, "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act

or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." *Id.* § 349(h).

72. Defendant's foregoing acts and practices, including its omissions, were directed at consumers.

73. Defendant violated NY GBL §349 by misrepresenting the country of origin of the Products.

74. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and the other Class members to purchase and/or pay a premium for Defendant's Products when they otherwise would not have.

75. Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

76. Defendant's deceptive, and/or unfair practices have caused actual damages to Plaintiff and the other Class members.

77. Plaintiff and the other Class members were injured because they would not have purchased the Products on the same terms if the true facts concerning place of origin had been known.

78. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and the other Class members have been damaged as alleged herein and are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes the greater of actual damages under GBL § 349 or statutory damages of $50 per unit purchased.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK FALSE ADVERTISING LAW**
**N.Y. Gen. Bus. Law § 350, *et seq*.**
**(By Plaintiff Individually and on Behalf of the Class)**

79. Plaintiff reasserts the allegations set forth in the preceding paragraphs and incorporates such allegations by reference herein.

80. N.Y. Gen. Bus. Law § 350 provides as follows:

   False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

81. N.Y. Gen. Bus. Law § 350-a(1) provides in part:

   The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

82. Defendant engaged in the "conduct of business, trade or commerce" in New York.

83. Defendant violated the New York False Advertising Law by misrepresenting, omitting, concealing, or failing to disclose material facts on the labels,

packaging, marketing, and advertising of the Products with intent to mislead and deceive Class members.

84. Defendant caused to be made or disseminated through New York—via advertising, marketing, and other publications— material statements of fact and omissions that were untrue or misleading to Plaintiff and the other Class members.

85. Defendant's herein described acts and practices, including its omissions, were directed at consumers.

86. Defendant's false advertising was likely to and, in fact, did deceive consumers acting reasonably under the circumstances about the true characteristics of the Products.

87. Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

88. Plaintiff and the other Class members have suffered injury-in-fact and/or actual damages and ascertainable loss as a direct and proximate result of Defendant's false advertising in violation of NY Gen Bus. Law § 350.

89. Plaintiff and the other Class members were injured because they would not have purchased Products on the same terms if the true facts concerning the origin of the Products were revealed to them.

90. Plaintiff and Class members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

91. Plaintiff and the other Class members seek monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial or (b) statutory damages in the amount of $500.00 per purchase made by each

Class member. N.Y. Gen. Bus. Law § 350-e. Because Defendant's conduct was committed willingly and knowingly, Plaintiff and the other Class members are entitled to recover three times actual damages, up to $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

A. An order declaring that this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the Class;

B. An order declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C. An order for injunctive relief, directing Defendant to correct its practices to comply with the law;

D. An order requiring Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

E. Statutory and other damages;

F. Compensatory damages according to proof;

G. Reasonable attorneys' fees and costs of suit;

H. Pre-judgment interest; and

I. Such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class members request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated:  December 19, 2022         By:     **REESE LLP**

<div style="margin-left: 3em;">

*/s/ Charles D. Moore*
Charles D. Moore
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
*cmoore@reesellp.com*

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Phone:  (212) 643-0500

**BEN TRAVIS LAW, APC**
Ben Travis
*ben@bentravislaw.com*
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

*Counsel for Plaintiff and the Proposed Class*

</div>