UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Zachmann, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>Lonkero, LLC d/b/a THE LONG DRINK COMPANY, an Indiana Corporation,<br><br>   Defendant. | Case No. 7:22-cv-10701-NSR<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

AMIN TALATI WASSERMAN, LLP
William P. Cole (*pro hac vice*)
Matthew R. Orr (*pro hac vice*)
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

*Attorneys for Defendant Lonkero, LLC*

I.      **INTRODUCTION**

Plaintiff Michael Zachmann accuses Defendant Lonkero LLC ("Lonkero") of deceiving consumers about where its "Finnish Long Drink" (the "Product" or "Products") is made. Even though the Product's packaging never states that the alcoholic beverage is brewed in Finland, is bottled in Finland, is a product of Finland, or is imported from Finland, Plaintiff claims that the name "The Finnish Long Drink" was a promise the Product was made in Finland. Plaintiff claims he would not have purchased the Product, or that he would have paid significantly less for it, had he known it was brewed in New York.

Plaintiff asserts claims for allegedly deceptive advertising under New York General Business Law §§ 349 (Count I) and 350 (Count II). He further seeks to represent a class of New York consumers who also purchased Defendant's Product. Defendant's Product packaging does not misrepresent any facts. Plaintiff's Complaint does not allege any facts plausibly establishing that a significant portion of *reasonable* consumers would conclude that merely because the Product is named "The Finnish Long Drink" it is made in and imported from Finland. This is especially true given the complete absence of any geographic-origin representations on the Product's packaging.

Plaintiff's assertion that the Product's label "misleads" reasonable consumers is a legal conclusion not deemed true on a motion to dismiss. His conclusion is unreasonable and assumes a consumer with no common sense. The phrase "Finnish Long Drink" is no more a promise of geographic origin than the phrases "Polish sausage," "Swedish meatball," or "Italian dressing." And no reasonable consumer orders a Manhattan, a Singapore Sling, a Moscow Mule, or a Long Island iced tea and believes that those drinks were made in, or made only with ingredients from, Manhattan, Singapore, Moscow or Long Island. Plaintiff fails to plausibly allege a significant portion of reasonable consumers would be deceived.

Plaintiff's Complaint also suffers from additional defects. First, the Court should dismiss any claim for restitution because Plaintiff does not allege any individual claim for which restitution is an available remedy. Second, Plaintiff lacks standing to seek injunctive relief. In Plaintiff's pre-

1

motion letter to the Court, he represented that he is dropping his claims for restitution and injunctive relief. Therefore, the Court should dismiss any such claims.

## II. PLAINTIFF'S ALLEGATIONS

Defendant markets its Products in four flavors: (1) traditional; (2) strong; (3) cranberry; and (4) zero. (Doc. 1, ¶ 2.) Plaintiff alleges he purchased only the traditional flavor at unspecified locations in Pawling, NY, on unspecified dates within the last three years. (*Id.*, ¶¶ 13, 57.) In making that purchase, Plaintiff alleges that he concluded the Products were made in Finland due solely to the Product's name: "The Finnish Long Drink." (*Id.* ¶¶ 15, 45.) The Complaint does not allege that Plaintiff read or relied on any other packaging statements when making his purchases. However, the Complaint suggests that other consumers would also be deceived into believing that the Products were made in Finland due to phrases on the Product's packaging such as "Legendary Taste From Finland," "Now available in America," and "Now this legendary taste has finally been brought to America by the next generation of Finns who want the world to experience the refreshing and unique Finnish Long Drink." (*Id.* ¶ 31.) A statement regarding the Products' place of manufacture – New York – appears on the individual cans, though Plaintiff asserts the statement is not visible when consumers purchase the Products in a sealed cardboard package. (*Id.* ¶ 37.)

Plaintiff advances two claims for violation of New York's consumer protection statutes, General Business Law ("GBL") Sections 349 and 350. Both claims fail and should be dismissed with prejudice.

## III. ARGUMENT

### A. Legal Standard

On a Rule 12(b)(6) motion, the court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted). Additionally, evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The primary evidence in consumer-fraud cases "arising out of allegedly false advertising is, of course, the advertising itself." *Hardy v. Ole Mexican Foods, Inc.*, --- F.Supp.3d ---, No. 21-CV-1261 (JLS), 2022 WL 2906395, at *3 (W.D.N.Y. July 21, 2022) (citing *Fink v. Time Warner Cable,* 714 F.3d 739, 742 (2d Cir. 2013)). Moreover, "in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Id*.

**B. Plaintiff Fails to Plausibly Allege Any Violation of GBL §§ 349 or 350.**

To state a claim under New York's consumer protection statutes, Plaintiff must plead (1) a misrepresentation that is (2) material, and (3) caused their injury. *See, e.g.*, *Daniel v. Mondelez Int'l. Inc.*, 287 F.Supp.3d 177, 186 (E.D.N.Y. 2018) (explaining elements for New York GBL §§ 349 and 350); *see also Dashnau v. Unilever Mfg. (US) Inc.*, 529 F.Supp.3d 235, 241 (S.D.N.Y. 2021) ("The standard for recovery under … § 350, while specific to false advertising, is otherwise identical to [§] 349, and therefore the Court will merge its analysis of the two claims" [internal quotations omitted]). To plead the first element—a misrepresentation—a "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Twohig v. Shop-Rite Supermarkets, Inc.*, 518 F.Supp.3d 154, 160 (S.D.N.Y. 2021) (quotation and citation omitted). Instead, a plaintiff must plausibly allege that a "significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.* (quotation and citation omitted). "It is well settled that a court may determine as a

matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

Here, Plaintiff's Complaint is predicated on the facile notion that simply by naming its Product "The Finnish Long Drink," Defendant falsely represents that its Product is *manufactured* in Finland. But that would also make actionable English Muffins that were not baked in England, as well as French Fries not fried in France. "The Finnish Long Drink" refers to a *category* of alcoholic beverage, not a place of manufacturing. Indeed, the Products' packaging in this case expressly explains that long drinks are a "category" of alcohol originally developed in Finland but "now available in America." (Dkt. 1, ¶ 36.)

The Products' packaging does not include any statement that the Products are "brewed in," "made in," "a product of," "Finnish Made" or "imported from" Finland. (*See id.* ¶ 36.) The packaging's text is not written in Finnish. The can expressly states it is a product of New York. (*Id.* ¶¶ 4, 37.) *See Maeda v. Kennedy Endeavors, Inc.*, 407 F.Supp.3d 953, 971-73 (D. Haw. 2019) (dismissing complaint since trade names and trade dress were "an accurate homage to [the products'] history and heritage … and not a concrete statement of geographic origin").

Courts have repeatedly dismissed false advertising claims concerning alleged representations regarding the geographic origins of beverages in circumstances where the geographic-related marketing statements or images exceeded those alleged by Plaintiff here. *See, e.g., Nelson v. MillerCoors, LLC*, 246 F.Supp.3d 666, 675-76 (E.D.N.Y. 2017) (plaintiff failed to plausibly allege defendant misled reasonable consumers to believe Foster's Beer was imported from Australia despite the packaging's use of images of a kangaroo, a Southern Cross constellation, and an allusion to the beer company's historic roots in Australia); *Dumas v. Diageo PC*, No. 15cv1681 BTM (BLM), 2016 WL 1367511, at *4 (S.D. Cal. Apr 6, 2016) (the fact the word 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin and ingredients of the beer").

Cases in which courts have found the plaintiff plausibly alleged actionable misrepresentations about a product's geographic origin involved much more than what is alleged

here. *See, e.g., Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 WL 2475706, at *4-5 (W.D. Wash. June 13, 2019) (finding the packaging's combination of a "SKAGIT VALLEY, WA" emblem and the statements "VISIT OUR HOME FARM" could mislead reasonable consumers to believe the packaging indicated "a specific place that the Product is produced and that the consumer can visit"); *Shalikar v. Asahi Beer U.S.A., Inc.* No. LA CV17-02713 JAK (JPRx), 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017) (finding the plaintiff plausibly alleged reasonable consumers could believe defendant's beer was produced in Japan where the product name "Asahi" was translated into English, the packaging repeatedly used Japanese Katakana script meaning "Asahi beer" and "Super Dry" and Japanese Kanji characters meaning "dry taste," and the complaint alleged a consumer survey in which 86% of the respondents believed the product is brewed in Japan based on the packaging"); *Peacock v. 21st Amendment Brewery Café, LLC*, No. 17-cv-01918-JST, 2018 WL 452153, at *5 (N.D. Cal. Jan 17, 2018) (finding the plaintiff plausibly alleged the labeling could mislead consumers to believe the beers were brewed in the San Francisco Bay Area where the packaging contained a map of the Bay Area with an "X" designating where the brewery is located and the label stated "Brewed & Canned by 21st Amendment Brewery, San Leandro, CA"); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453, at *6-7 (N.D. Cal. Sep. 1, 2017) (Kona beer packaging included a map of Hawaii identifying the Kona Brewing Company's brewery on the Big Island and stated "[w]e invite you to visit our brewery and pubs whenever you are in Hawaii," and the only listed address on the outer packaging was 75-5629 Kuakini Highway, Kailua-Kona, Hawaii, 96740); *Marty v. Anheuser-Busch Cos., LLC*, 43 F.Supp.3d 1333, 1340-42 (S.D. Fla. 2014) (finding that the statements "Originated in Germany," "German Quality," and "Brewed under the German Purity Law of 1516," when taken together with Beck's 139-year history of having being brewed in Germany, could mislead a reasonable consumer into believe Beck's beer is an imported beer brewed in Germany).

      Here, by contrast, the Products' packaging does not contain any maps, any references to a brewery consumers could visit in Finland, any address in Finland, any reference to Finnish

5

brewing laws, or even any Finnish flag. (Dkt. 1, ¶ 36.) The packaging uses the English language exclusively—not Finnish language—except for a single use of the term "Kippis!" (i.e., "Cheers!") following three paragraphs in English. (*Id.*) And that term appears only following an express explanation that long drinks are a *category* of alcohol invented in Finland, now available in America, and that the "legendary *taste*" of long drinks has been brought to America. (*Id.*, emphasis added.) Plaintiff does not allege the Products fail to taste like long drinks. And the statement that the Products have the "taste" of long drinks is not a representation that the Products were *made* in Finland. *See Hardy,* 2022 WL 2906395, at *1 (granting motion to dismissing, finding as a matter of law that the packaging phrase "A Taste of Mexico!", the brand name "La Banderita," and the word "Authentic" were not representations that the tortillas were made in Mexico); *Dumas*, 2016 WL 1367511, at *4 ("'The Taste of Jamaica' is a vague and meaningless phrase—who can say what Jamaica 'tastes' like?").

As the Second Circuit has stated, "the fact that a composite phrase contains a geographic term does not necessarily mean that the phrase, viewed as a whole, is a geographic designation." *Forschner Grp., Inc. v. Arrow Trading Co.*, 30 F.3d 348, 355 (2d Cir. 1994) ("Swiss Army knife cannot fairly be read to say 'made in Switzerland'"). As used in the phrase "Finnish Long Drink," the term "Finnish" denotes a beverage of a *style* or *category* originally developed in Finland and first made popular there, rather than a promise the product was brewed in Finland.

As Plaintiff has failed to allege facts plausibly establishing reasonable consumers would be misled, the Court should dismiss the Complaint.

### C. Plaintiff States No Claim for Restitution.

In his Complaint, Plaintiff seeks "an order of restitution." (Doc. 1, p. 17.) However, GBL §§ 349 and 350 provide private plaintiffs with only a claim for damages, not restitution. *See* New York Gen. Bus. Law §§ 349(h) and 350-e(3). Plaintiff has represented he "drops" his claims for restitution. *See* Dkt. 15 at p. 1 n.1. Accordingly, the Court should dismiss any claim for restitution.

### D. Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff has represented that he "drops" his request for injunctive relief. *See* Dkt. 15 at p.1 n.1. Thus, the Court should dismiss any claim for injunctive relief.

### IV. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its motion to dismiss in its entirety. As no amendment can change what the labels say, the dismissal should be with prejudice.

Date: February 27, 2023                              Respectfully submitted,


*/s/ William P. Cole*
William P. Cole (*pro hac vice*)
Amin Talati Wasserman LLP
515 South Flower St., 18th Fl.
Los Angeles, CA 90071
Tel: (213) 933-2330; Fax: (312) 884-7352
william@amintalati.com

*Attorneys for Defendant Lonkero, LLC*

# CERTIFICATE OF SERVICE
(United States District Court)

I am over the age of 18 and not a party to the within action; my business address is 515 South Flower St., 18th Floor, Los Angeles, CA 90071.

On February 27, 2023, I have served the foregoing documents described as **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[X] (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of mariam@amintalati.com the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein.

[X] (BY MAIL) I am familiar with the practice of Amin Talati Wasserman, LLP for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Amin Talati Wasserman, LLP, following ordinary business practices.

[ ] (BY OVERNIGHT SERVICE) I am familiar with the practice of Amin Talati Wasserman, LLP for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Amin Talati Wasserman, LLP, following ordinary business practices.

[ ] (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 27, 2023.

*/s/ Marian A. Yusuf*
Mariam A. Yusuf

**SERVICE LIST**
*Zachmann v. Lonkero, LLC*
United States District Court, Southern District of New York
Civil Action No. 7:22-cv-10701

**BEN TRAVIS LAW, APC**
Ben Travis
*ben@bentravislaw.com*
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Phone: (619) 353-7966

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Phone: (212) 643-0500
Charles D. Moore

**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
*cmoore@reesellp.com*

*Counsel for Plaintiff and the Class*
*Via ECF*